**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement and Training Fund,<br><br>                                                  Plaintiff,<br><br>          -v-<br><br>Graci Paving Associates, Inc.,<br><br>                                                  Defendant. | 2:25-cv-3937<br>(NJC) (LGD) |

<u>**MEMORANDUM AND ORDER**</u>

NUSRAT J. CHOUDHURY, United States District Judge:

On July 16, 2025, Plaintiff Trustees of the Pavers and Road Builders District Council Welfare, Pension, and Annuity Funds and the Trustees of the Local 1010 Apprenticeship, Skill Improvement and Training Fund ("Trustees"), commenced this action against Defendant Graci Paving Associates, Inc. ("Graci Paving"), seeking to recover for Graci Paving's alleged violations of Section 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. § 1001, et seq., and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 141, et seq. (Compl., ECF No. 1.) The Clerk of Court entered default against Graci Paving on August 14, 2025. (ECF No. 11.) Thereafter, on October 3, 2025, Trustees filed a Motion for Default Judgment, seeking relief in the form of (1) the delinquent benefit contributions; (2) liquidated damages representing 10% of the delinquent contributions; (3) interest on late-paid contributions calculated at 10% annually; (4) delinquent union assessments and dues check-offs; (5) attorney's fees; (6) court disbursements and costs; (7) auditing expenses; and (8) additional damages available pursuant to ERISA. (Mot. Default

Judgment at 8–16, ECF No. 18.) This Court referred the Motion to Magistrate Judge Lee G. Dunst. (Elec. Order, Oct. 16, 2025.)

On January 22, 2026, Judge Dunst issued a Report and Recommendation (the "R&R") recommending that Trustees' Motion for Default Judgment be granted and that Trustees be awarded damages, fees, and costs as follows:

(1) $173,514.04 in delinquent benefit contributions;

(2) $7,705.31 in delinquent union assessments;

(3) $2,778.30 in delinquent union dues check-offs;

(4) $11,579.29 in pre-judgment interest, plus $47.54 per day from September 26, 2025 through the date that judgment is entered;

(5) $1,319.82 in late payment interest;

(6) $17,351.40 in liquidated damages;

(7) $2,468.00 in audit costs;

(8) $4,630.80 in attorneys' fees;

(9) $492.60 in court costs and disbursements; and

(10) post-judgment interest calculated from the date the Clerk of Court enters judgment until the date of payment, pursuant to 28 U.S.C. § 1961.

(R&R at 27, ECF No. 28.)

A copy of the R&R was provided to Trustees' counsel via ECF on January 22, 2026, (*see id.*), and Trustees' counsel filed a certificate of service later that day affirming that she had served the R&R on Graci Paving that same day by first-class and electronic mail at their known address and email, (*see* ECF No. 29). The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of

2

the R&R. (R&R at 28.) Consequently, the deadline to object to the R&R was February 9, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); Fed. R. Civ. P. 6(a)(1)(C) (deferring deadlines that fall on a Saturday or Sunday until "the next day that is not a Saturday, Sunday, or legal holiday"); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these same rules for calculating the deadline to object to an R&R). The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Because no party has timely filed objections to the R&R, I may review the R&R for clear error. *King*, 2016 WL 4595991, at *1. Nevertheless, I reviewed the R&R de novo out of an abundance of caution. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R's recommendation that Trustees' Motion for Default Judgment be granted and its recommendations as to the amount of damages, attorney's fees, and costs to be awarded to Trustees.

Accordingly, Trustees' Motion for Default Judgment (ECF No. 18) is granted, with rates and hours for attorney's fees as set forth in the R&R. The Court awards Trustees the following relief:

(1) $173,514.04 in delinquent benefit contributions;

(2) $7,705.31 in delinquent union assessments;

(3) $2,778.30 in delinquent union dues check-offs;

(4) $11,579.29 in pre-judgment interest, plus $47.54 per day from September 26, 2025 through the date that judgment is entered;

(5) $1,319.82 in late payment interest;

(6) $17,351.40 in liquidated damages;

(7) $2,468.00 in audit costs;

(8) $4,630.80 in attorneys' fees;

(9) $492.60 in court costs and disbursements; and

(10) post-judgment interest calculated from the date the Clerk of Court enters judgment until the date of payment, pursuant to 28 U.S.C. § 1961.

Dated: Central Islip, New York
February 26, 2026

_/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge

4